CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 07 2012

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JILL ELAINE DUNNIVAN, | ) | CASE NO. 7:11CV00279 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| TAMMY BROWN, WARDEN, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Jill Elaine Dunnivan, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the November 6, 2008 judgment of the Orange County Circuit Court, which found her guilty of violating supervised probation and revoked, in part, her previously imposed, suspended sentences. The respondent filed a motion to dismiss, which is ripe for disposition.[1] Upon review of the record, the court grants the motion to dismiss.

I

Dunnivan entered guilty pleas, pursuant to a plea agreement, on April 13, 2003, in the Orange County Circuit Court to the following felony charges: forgery, two counts of uttering, and credit card fraud. The Court issued its final order on July 28, 2003, sentencing Dunnivan to a total prison term of 20 years, with 18 years and nine months suspended, in part conditioned on Dunnivan's good behavior for ten years and her remaining drug and alcohol free during three years of supervised probation.

---

[1] The court notified Dunnivan of the respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned petitioner that judgment might be granted for the respondent if Dunnivan did not respond to the motion by filing affidavits or other documents contradicting the government's evidence or otherwise explaining her claims. Dunnivan has not responded, and the time allotted for her response has expired, making the matter ripe for the court's consideration.

Authorities released Dunnivan from incarceration and placed her on supervised probation in February 2005. In July and October 2007, and in March 2008, Dunnivan's probation officer, Eric Fling, submitted letters to the Court about additional criminal convictions and charges Dunnivan had incurred in other courts since being placed on probation. The Orange County Circuit Court continued the probation violation charges for some time, pending resolution of her other charges, and eventually conducted a revocation hearing on March 7, 2008. The Commonwealth introduced Fling's letters, and the Court heard testimony from Fling and Dunnivan.

The Court found Dunnivan guilty of violating the terms of her supervised probation based upon the convictions for criminal offenses committed while on probation. The Court deferred sentencing on the probation violation until after Dunnivan was sentenced on criminal convictions in the Circuit Court of the City of Charlottesville. Ultimately, Dunnivan received an 18-month home confinement sentence in the Charlottesville court, which she began to serve on March 28, 2008.

The Orange County Circuit Court continued the sentencing on the probation violation to avoid interruption of the home confinement sentence, and held a hearing in October 2008 to sentence Dunnivan on her probation violation. The government introduced Fling's letters regarding Dunnivan's criminal convictions since her release on supervised probation and evidence that Dunnivan had been charged in Charlottesville with two new felony counts of forgery for attempting to alter an insurance check for $8.00 to deposit it for $8,500.00 – while she was on home confinement. The Court stated that Dunnivan's violation of her Orange County probation terms was

> among the most serious that we encounter, that is, while on supervised probation you went out and got convicted of the same kinds of offenses that you were

2

originally placed on probation for, and those were felony offenses, so what that tells the Court is it certainly needs to give consideration to keeping you out of the community for an extended period of time.

(Tr. 115, Oct. 27, 2008.) The Court found that Dunnivan was "not a good candidate for supervised probation," that she was "dishonest" and "manipulative" and that she "uses people." (Tr. 116.) Based on these findings, the Court imposed an active five-year prison term, effective November 6, 2008.[2]

Dunnivan appealed the revocation order, challenging the length of the sentence. The Court of Appeals of Virginia refused her petition (Record No. 2621-08-2), and the Supreme Court of Virginia refused Dunnivan's petition for appeal on August 17, 2009 (Record No. 090796). Dunnivan executed a state habeas corpus petition on June 24, 2010, to the Supreme Court of Virginia. The Court dismissed the habeas petition on October 6, 2010, as untimely filed under Virginia Code Ann. § 8.01-654(A)(2), and denied her petition for rehearing on January 20, 2011.

Dunnivan executed her § 2254 petition on March 27, 2011. She challenges the validity of the November 6, 2008 revocation order. The court liberally construes Dunnivan's federal petition as alleging the following claims for relief:

---

[2] The November 6, 2008 revocation order imposed concurrent sentences of five years each on the forgery count and the two uttering counts and three years and nine months on the credit card fraud conviction, but ordered that the sentence run consecutive to any sentences previously imposed in other jurisdictions.

3

(a) Counsel for the revocation proceedings provided ineffective assistance by failing to inform the court that certain evidence regarding the number of felony convictions Dunnivan had incurred while on supervision was false;[3]

(b) Counsel provided ineffective assistance by failing to argue on appeal that the court relied on false evidence about Dunnivan's convictions in determining the length of the revocation sentence;

(c) The Supreme Court of Virginia denied Dunnivan the right to file a habeas corpus petition by erroneously dismissing the petition as untimely; and

(d) The Supreme Court of Virginia wrongly denied Dunnivan's petition for rehearing of her habeas petition after she submitted proof that the Court had received the habeas petition within the statutory filing period.

## II

### A. Procedural Default

The respondent argues that Dunnivan's claims are barred from review under § 2254 by the doctrine of procedural default. This doctrine requires a § 2254 petitioner to exhaust the claim she is raising in federal court by fairly presenting it first to the Supreme Court of Virginia in conformity with the state's procedural rules. "If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, a habeas petitioner has procedurally defaulted his federal habeas claim." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)).

Dunnivan raised federal Claims (a) and (b) in her state habeas petition, which the Supreme Court of Virginia dismissed as untimely under § 8.01-654(A)(2). Dunnivan fails to

---

[3] Dunnivan's statement of her claims in the federal petition is vague, asserting only that counsel failed to correct "false" evidence about Dunnivan's convictions incurred while on supervision. In her state habeas petition, Dunnivan asserted more specific claims of ineffective assistance of counsel; she provided evidence that the new "felony" conviction Fling reported from December 2007 was actually a probation violation, an error that counsel did not bring to the judge's attention during the Orange County probation violation proceedings or raise on appeal. The court liberally construes Dunnivan's federal petition as incorporating by reference the argument and evidence from her state habeas petition.

4

demonstrate that § 8.01-654(A)(2) does not qualify as an adequate and independent state law ground barring federal habeas review of Claims (a) and (b), and this court has found it to be so. See Wallace v. Jarvis, 726 F. Supp.2d 642, 646 (W.D. Va. 2010) (Wilson, J.). Therefore, the court concludes that Dunnivan's Claims (a) and (b) are procedurally barred from review on the merits, absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750.

Dunnivan argues that the Supreme Court of Virginia erred in finding her state petition untimely, because she filed it within two years of the revocation order. She is mistaken. Section 8.01-654(A)(2) provides that, other than a petition challenging a criminal conviction or sentence, a petition for writ of habeas corpus "shall be brought within one year after the cause of action accrues." Dunnivan's state habeas petition challenged the revocation order, not her underlying conviction or sentence. Therefore, because the petition was not filed within one year of the revocation order, the Supreme Court of Virginia properly dismissed it as untimely under § 8.01-654(A)(2).[4] Dunnivan fails to show cause for her default or to show a miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986) (defining miscarriage of justice in habeas default context as showing of actual innocence of offense of conviction). Accordingly, the court finds that Claims (a) and (b) in Dunnivan's § 2254 petition are procedurally barred from federal habeas review.

Dunnivan did not raise federal Claims (c) and (d) in her state habeas petition, although she knew then the facts necessary to present them. If Dunnivan returned to state court now and raised these claims, the state court would dismiss them as procedurally defaulted under the Commonwealth's rule against successive petitions, Virginia Code Ann. § 8.01-654(B)(2). If it is

---

[4] See, e.g., Worley v. Johnson, No. Civ.A.7:06CV00073, 2006 WL 982008, (W.D. Va. 2006) (noting Supreme Court of Virginia's dismissal of state habeas corpus challenge to probation revocation under one-year limitation period in § 8.01-654(A)(2)).

5

clear that the state's law would now bar state review, exhaustion is not required, but federal habeas review is precluded, absent a showing of cause and prejudice or miscarriage of justice. Teague v. Lane, 489 U.S. 288, 298-99 (1989). Because Dunnivan fails to show cause and prejudice or actual innocence, the court is barred from review of Claims (c) and (d).

## B. Federal Habeas Statute of Limitations

Except in circumstances not present here, an inmate filing a § 2254 habeas petition challenging her confinement under a state court judgment must file her petition within one year of the date when she exhausts opportunities for direct review, making the judgment final.[5] 28 U.S.C. § 2244(d)(1)(A). This one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). A state habeas petition that was not timely filed under applicable state court procedural rules is not "properly filed" under § 2244(d)(2), however, and cannot toll the federal habeas filing period. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).

The record reflects that Dunnivan filed her federal habeas petition more than one year after the revocation judgment became final. The Supreme Court of Virginia dismissed Dunnivan's direct appeal on August 17, 2009. Ninety days later, when Dunnivan's opportunity to file a petition for a writ of certiorari in the United States Supreme Court expired on November 16, 2009,[6] the revocation judgment became final under § 2244(d)(1)(A), and Dunnivan's one-year period to file a § 2254 petition began to run. That one-year filing period expired on November 16, 2010. Because Dunnivan did not file her § 2254 petition until March 27, 2011 at

---

[5] Dunnivan does not allege facts on which her federal filing period could be calculated under any other subsection of § 2244(d).

[6] See SUP. CT. R. 13(1).

6

the earliest,[7] her petition is untimely under § 2244(d)(1)(A) unless she demonstrates grounds for tolling.

Dunnivan's state petition did not toll the federal filing period under § 2244(d)(2). Although Dunnivan filed her state habeas petition on June 24, 2010, before expiration of the federal filing period, the Supreme Court of Virginia dismissed the petition as untimely under state law. Therefore, the petition was not "properly filed" for tolling purposes under § 2244(d)(2). Dunnivan does not argue any ground on which she is entitled to equitable tolling.[8] For the stated reasons, the court concludes that Dunnivan's § 2254 petition is untimely under § 2244(d)(1)(A).

### C. No Grounds for Relief

For several reasons, none of Dunnivan's claims states a ground on which she would be entitled to relief under § 2254. Dunnivan fails to demonstrate a constitutional claim of ineffective assistance, because she fails to demonstrate any reasonable probability that the judge would have imposed a lighter sentence for her probation violation, but for counsel's alleged error regarding the number of felony convictions Dunnivan incurred while on probation. See Strickland v. Washington, 466 U.S. 668, 685 (1984) (holding that constitutional claim of ineffective assistance requires showing of reasonable probability that but for counsel's deficient

---

[7] A prisoner's habeas petition is deemed filed when she delivers it to prison officials for mailing to the court. See Rule 3(d), Rules Governing § 2254 Cases; Houston v. Lack, 487 U.S. 266 (1988). Dunnivan dated her signature on the § 2254 petition March 27, 2011, and dated her cover letter May 12, 2011; the court received her petition on June 2, 2011. This discrepancy as to date of filing does not bear discussion, however, because even considering the date on the petition as its filing date, it is untimely for the reasons stated.

[8] See Pace, 544 U.S. at 418, and n. 8 (requiring that to invoke equitable tolling, an otherwise time-barred petitioner must present exceptional circumstances that prevented her from filing on time and must demonstrate that she has been duly diligent); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (finding that inmate's pro se status and ignorance of the law are not sufficient grounds to justify equitable tolling).

performance, outcome of proceeding would have been different). The Court had ample justification for finding Dunnivan guilty of violating supervised release conditions and for imposing the 5-year prison term; the record included undisputed evidence that for conduct committed while Dunnivan was on supervised probation, she was convicted of at least two new felony counts of forging and uttering in June 2007 and a new misdemeanor count of writing a bad check in February 2008. For these reasons, Dunnivan's ineffective assistance claims are without merit.

Dunnivan's claims alleging errors by the Supreme Court of Virginia in adjudicating her state habeas petition also provide no ground for federal habeas relief. Relief under § 2254 lies only to vindicate the petitioner's rights under the Constitution, laws, or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Thus, alleged errors during the state habeas corpus proceeding are not a basis for federal habeas review or relief. See Bryant v. State of Maryland, 848 F.2d 492, 493 (4th Cir. 1988).

### III

In conclusion, the court finds that the motion to dismiss must be granted. Dunnivan's § 2254 petition was untimely filed under § 2244(d)(1)(A), her claims are procedurally barred from federal habeas review, and her claims do not state grounds on which she is entitled to relief under § 2254. An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 7th day of March, 2012.

/s/ Glen Conrad
Chief United States District Judge